UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

Kimberly Maddox,

        Petitioner

  v.

William Ruebart, et al.,

        Respondents

Case No. 2:24-cv-00172-CDS-MDC

**Order to Show Cause**

On January 25, 2024, pro se petitioner Kimberly Maddox filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, a motion for appointment of counsel, and a motion for leave to proceed *in forma pauperis* ("IFP"). ECF Nos. 1, 1-1, 1-2. This matter comes before the court on initial review of Maddox's petition under the Rules Governing Section 2254 Cases ("Habeas Rules") and for consideration of Maddox's motions. I find that good cause exists to grant the motion to proceed IFP. However, for the reasons discussed below, I order Maddox to show cause why her petition should not be dismissed as untimely, and I defer ruling on the motion for appointment of counsel until after Maddox responds to this order.

I.     Background[1]

Maddox challenges a conviction and sentence imposed by the Ninth Judicial District Court for Douglas County ("state court"). On June 12, 2020, the state court entered a judgment of conviction, pursuant to a guilty plea, convicting Maddox of trafficking a controlled substance and failing to stop at the scene of an accident. Maddox was sentenced to consecutive sentences of 24 to 60 months for the trafficking conviction and 48 to 120 months for the failure to stop conviction. Maddox appealed, but the Supreme Court of Nevada dismissed the appeal as untimely on September 4, 2020. *See Kimberly Ann Maddox v. State of Nevada*, 81499.

---

[1] I take judicial notice of the online docket records of the Nevada appellate courts. These docket records may be accessed by the public online at http://caseinfo.nvsupremecourt.us/public/caseSearch.do. In addition to these docket records, I have constructed these background facts from Maddox's petition. Notably, the Ninth Judicial District Court for Douglas County does not have online docket records.

Maddox filed two state petitions for writs of habeas corpus on November 18, 2022. The state court dismissed the petitions. Maddox appealed. The Nevada Court of Appeals affirmed the dismissal on September 21, 2023, finding that Maddox's petitions were untimely. *See Kimberly Ann Maddox v. State of Nevada*, 86057-COA, 86058-COA. Remittitur issued on October 17, 2023. Maddox transmitted her instant federal petition on January 24, 2024. ECF No. 1-1 at 1.

II.     Discussion

Habeas Rule 4 requires the assigned judge to examine the habeas petition and order a response unless it "plainly appears" that the petition is not entitled to relief. *See Valdez v. Montgomery*, 918 F.3d 687, 693 (9th Cir. 2019). This rule allows courts to screen and dismiss petitions that are patently frivolous, vague, conclusory, palpably incredible, false, or plagued by procedural defects. *Boyd v. Thompson*, 147 F.3d 1124, 1128 (9th Cir. 1998); *Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990) (collecting cases).

The Antiterrorism and Effective Death Penalty Act ("AEDPA") establishes a 1-year period of limitations for state prisoners to file a federal habeas petition pursuant to 28 U.S.C. § 2254. The 1-year limitation period begins to run from the latest of 4 possible triggering dates, with the most common being the date on which the petitioner's judgment of conviction became final by either the conclusion of direct appellate review or the expiration of the time for seeking such review. 28 U.S.C. § 2244(d)(1)(A). The federal limitations period is tolled while "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). But no statutory tolling is allowed for the period between finality of a direct appeal and the filing of a petition for post-conviction relief in state court because no state court proceeding is pending during that time. *Nino v. Galaza*, 183 F.3d 1003, 1006–07 (9th Cir. 1999); *Rasberry v. Garcia*, 448 F.3d 1150, 1153 n.1 (9th Cir. 2006).

Here, it appears that Maddox's conviction became final when the time expired for filing a direct appeal to the Nevada appellate courts on July 13, 2020.[2] *See* Nev. R. App. P. 4(b)(1) (requiring a notice of appeal to "be filed with the district court clerk within 30 days after the

---

[2] Although Maddox filed a notice of appeal with the state district court on July 16, 2020, it was untimely. And importantly, if a petitioner files an untimely appeal that is later dismissed as untimely, finality occurs on the date the petitioner had to file a timely appeal, not the date the state appellate court dismissed the appeal as untimely. *Randle v. Crawford*, 604 F.3d 1047, 1057 (9th Cir. 2010).

entry of the judgment or order being appealed"); *Gonzalez v. Thaler*, 565 U.S. 134, 137 (2012) (when a state prisoner "does not seek review in a State's highest court, the judgment becomes 'final' on the date that the time for seeking such review expires"). The federal statute of limitations thus began to run the following day: July 14, 2020. Accordingly, the limitations period expired 365 days later on July 14, 2021. Although Maddox filed a state habeas petition on November 18, 2022, it was filed after the AEDPA clock had already expired. As such, Maddox's state habeas petition could not have tolled an already expired limitations period. *See Jiminez v. Rice*, 276 F.3d 478, 482 (9th Cir. 2001). Accordingly, absent another basis for tolling or delayed accrual, Maddox filed her federal habeas petition two and a half years after the AEDPA limitation period expired.

Maddox must show cause why her petition should not be dismissed with prejudice as time barred. In this regard, Maddox is informed that the 1-year limitations period may be equitably tolled. Equitable tolling is appropriate only if the petitioner can show that: (1) she has been pursuing his right diligently, and (2) some extraordinary circumstance stood in his way and prevented timely filing. *Holland v. Florida*, 560 U.S. 631, 649 (2010). "[E]quitable tolling is unavailable in most cases." *Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir. 1999). And "'the threshold necessary to trigger equitable tolling [under AEDPA] is very high, lest the exceptions swallow the rule.'" *Miranda v. Castro*, 292 F.3d 1063, 1066 (9th Cir. 2002) (quoting *United States v. Marcello*, 212 F.3d 1005, 1010 (7th Cir. 2000)). Maddox ultimately has the burden of proof on this "extraordinary exclusion." *Miranda*, 292 F.3d at 1065. She must demonstrate a causal relationship between the extraordinary circumstance and the lateness of his filing. *E.g., Spitsyn v. Moore*, 345 F.3d 796, 799 (9th Cir. 2003); *accord Bryant v. Arizona Att'y Gen.*, 499 F.3d 1056, 1061 (9th Cir. 2007).

Maddox is further informed that, under certain circumstances, the 1-year limitation period may begin running on a later date[3] or may be statutorily tolled. And Maddox is informed

---

[3] 28 U.S.C. § 2244(d)(1) provides as follows:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(fn. cont...)

3

that if she seeks to avoid application of the limitation period based upon a claim of actual innocence, she must come forward with new reliable evidence tending to establish actual factual innocence, i.e., tending to establish that no juror acting reasonably would have found her guilty beyond a reasonable doubt. *See McQuiggin v. Perkins*, 569 U.S. 383 (2013); *House v. Bell*, 547 U.S. 518 (2006); *Lee v. Lampert*, 653 F.3d 929 (9th Cir. 2011). In this regard, "'actual innocence' means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623 (1998).

### III.     Conclusion

It is therefore ordered that the motion for leave to proceed *in forma pauperis* [ECF No. 1] is granted.

It is further ordered that petitioner Kimberly Maddox show cause, in writing, on or before **March 15, 2024**, why this action should not be dismissed as untimely. If Maddox does not timely respond to this order, the petition will be dismissed without further advance notice. If Maddox responds but fails to show with specific, detailed, and competent evidence why the petition should not be dismissed, the action will be dismissed.

It is further ordered that all assertions of fact made by Maddox in response to this show cause order must be detailed, must be specific as to time and place, and must be supported by competent evidence. I will not consider any assertions of fact that are not specific as to time and place, that are not made pursuant to a declaration under penalty of perjury based upon personal knowledge, and/or that are not supported by competent evidence filed by Maddox in the federal record. Maddox must attach copies of all materials upon which she bases her argument that the petition should not be dismissed. Unsupported assertions of fact will be disregarded.

---

> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

It is further ordered that consideration of Maddox's motion for appointment of counsel is deferred until after Maddox responds to this order to show cause.

Dated: January 26, 2024

_____
United States District Judge