UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| Kimberly Maddox, | Case No. 2:24-cv-00172-CDS-MDC |
| Petitioner | **Order Dismissing and Closing Case** |
| v. | |
| William Ruebart, et al., | |
| Respondents | |

On January 25, 2024, pro se petitioner Kimberly Maddox filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. ECF No. 1-1. On January 26, 2024, I reviewed Maddox's petition under the Rules Governing Section 2254 Cases ("Habeas Rules") and ordered Maddox to show cause why her petition should not be dismissed as untimely. ECF No. 3. Maddox timely responded to the order to show cause. ECF No. 4. For the reasons discussed below, I dismiss the petition with prejudice as untimely.

I.      Background[1]

Maddox challenges a conviction and sentence imposed by the Ninth Judicial District Court for Douglas County ("state court"). On June 12, 2020, the state court entered a judgment of conviction, pursuant to a guilty plea, convicting Maddox of trafficking a controlled substance and failing to stop at the scene of an accident. Maddox was sentenced to consecutive sentences of 24 to 60 months for the trafficking conviction and 48 to 120 months for the failure to stop conviction. Maddox appealed, but the Supreme Court of Nevada dismissed the appeal as untimely on September 4, 2020. *See Kimberly Ann Maddox v. State of Nevada*, 81499.

Maddox filed a state petition for writ of habeas corpus on June 1, 2021. The state court denied the petition on January 3, 2022. Maddox did not appeal the denial to the Nevada appellate courts. Maddox filed a second state petition for writ of habeas corpus on November 18, 2022. The

---

[1] I take judicial notice of the online docket records of the Nevada appellate courts. These docket records may be accessed by the public online at http://caseinfo.nvsupremecourt.us/public/caseSearch.do.

state court dismissed the petition. Maddox appealed. The Nevada Court of Appeals affirmed the dismissal on September 21, 2023, finding that Maddox's petition was untimely. *See Kimberly Ann Maddox v. State of Nevada*, 86057-COA, 86058-COA. Remittitur issued on October 17, 2023. Maddox transmitted her instant federal petition on January 24, 2024. (ECF No. 1-1 at 1.)

II. Discussion

The Antiterrorism and Effective Death Penalty Act ("AEDPA") establishes a 1-year period of limitations for state prisoners to file a federal habeas petition pursuant to 28 U.S.C. § 2254. The 1-year limitation period begins to run from the latest of 4 possible triggering dates, with the most common being the date on which the petitioner's judgment of conviction became final by either the conclusion of direct appellate review or the expiration of the time for seeking such review. 28 U.S.C. § 2244(d)(1)(A). The federal limitations period is tolled while "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). But no statutory tolling is allowed for the period between finality of a direct appeal and the filing of a petition for post-conviction relief in state court because no state court proceeding is pending during that time. *Nino v. Galaza*, 183 F.3d 1003, 1006–07 (9th Cir. 1999); *Rasberry v. Garcia*, 448 F.3d 1150, 1153 n.1 (9th Cir. 2006).

Here, Maddox's conviction became final when the time expired for filing a direct appeal to the Nevada appellate courts on July 13, 2020.[2] *See* Nev. R. App. P. 4(b)(1) (requiring a notice of appeal to "be filed with the district court clerk within 30 days after the entry of the judgment or order being appealed"); *Gonzalez v. Thaler*, 565 U.S. 134, 137 (2012) (when a state prisoner "does not seek review in a State's highest court, the judgment becomes 'final' on the date that the time for seeking such review expires"). The federal statute of limitations thus began to run the following day: July 14, 2020. Maddox timely filed her first state habeas petition on June 1, 2021, tolling the AEDPA clock. As a result, 322 days elapsed between the finality of the judgment and the filing of the state petition. The remaining 43 days of the AEDPA limitation period was statutorily tolled during the pendency of all proceedings related to Maddox's first state petition. Tolling ended on

---

[2] Although Maddox filed a notice of appeal with the state district court on July 16, 2020, it was untimely. And importantly, if a petitioner files an untimely appeal that is later dismissed as untimely, finality occurs on the date the petitioner had to file a timely appeal, not the date the state appellate court dismissed the appeal as untimely. *Randle v. Crawford*, 604 F.3d 1047, 1057 (9th Cir. 2010).

January 3, 2022, when the state court denied Maddox's first state petition since Maddox did not appeal this decision. The AEDPA clock restarted the following day, January 4, 2022, and expired 43 days later on February 16, 2022. Although Maddox filed a second state habeas petition on November 18, 2022, it was filed after the AEDPA clock had already expired. As such, Maddox's second state habeas petition could not have tolled an already expired limitations period. *See Jiminez v. Rice*, 276 F.3d 478, 482 (9th Cir. 2001). Accordingly, Maddox filed her federal habeas petition almost two years after the AEDPA limitation period expired.

In her response to the order to show cause, Maddox appears to acknowledge that her petition is untimely, but she argues that she is entitled to equitable tolling. ECF No. 4. The Supreme Court has held that AEDPA's statute of limitations "is subject to equitable tolling in appropriate cases." *Holland*, 560 U.S. at 645. However, equitable tolling is appropriate only if the petitioner can show that: (1) he has been pursuing his rights diligently, and (2) some extraordinary circumstance stood in his way and prevented timely filing. *Id.* at 649. A petitioner "must show that some external force caused his untimeliness, rather than mere oversight, miscalculation or negligence." *Velasquez v. Kirkland*, 639 F.3d 964, 969 (9th Cir. 2011) (internal quotation omitted). Accordingly, he must demonstrate a causal relationship between the extraordinary circumstance and the lateness of his filing. *E.g., Bryant v. Arizona Att. Gen.*, 499 F.3d 1056, 1061 (9th Cir. 2007) (untimeliness must be "caused by an external impediment and not by [petitioner's] own lack of diligence"). The petitioner bears the burden of demonstrating that he is entitled to equitable tolling. *Espinoza-Matthews v. California*, 432 F.3d 1021, 1026 (9th Cir. 2005). Equitable tolling is "unavailable in most cases," *Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir. 1999), and "the threshold necessary to trigger equitable tolling is very high, lest the exceptions swallow the rule," *Miranda v. Castro*, 292 F.3d 1063, 1066 (9th Cir. 2002) (internal quotation omitted). The Ninth Circuit has "adopted the 'stop clock' approach to analyzing claims for equitable tolling," under which the "statute-of-limitations clock stops running when extraordinary circumstances first arise, but the clock resumes running once the extraordinary circumstances have ended or when the petitioner ceases to exercise reasonable diligence, whichever occurs earlier." *Luna v.*

*Kernan*, 784 F.3d 640, 651 (9th Cir. 2015) (citing *Gibbs v. Legrand*, 767 F.3d 879, 891-92 (9th Cir. 2014)).

Maddox argues that she should be entitled to equitable tolling because there is good cause for her failing to timely file her direct appeal. ECF No. 4 at 1. Specifically, Maddox explains the following: (1) after being sentenced, she "was transferred to N.D.O.C. and housed in intake for a period of 3 weeks," (2) during that three weeks, she "was unable to access paperwork/forms and/or information that [she] needed from the law library," (3) during and after this time, the prison's "facilities were on numerous lockdowns" due to the Covid-19 pandemic, (4) she was forced to mail her notice of direct appeal to the Supreme Court of Nevada rather than logging her notice of direct appeal through the law library as is the normal procedure, and (5) she mailed her notice of appeal prior to her appeal deadline even though the Supreme Court of Nevada later dismissed the appeal as untimely. *Id*.

I acknowledge and appreciate that the Covid-19 pandemic created obstacles for prisoners to be able to access the law library and needed legal resources. I also acknowledge and appreciate that Maddox's direct appeal was only three days late. Thus, during Maddox's 30-day direct appeal window, it appears that Maddox was attempting to pursue her rights diligently, but the Covid-19 pandemic prevented her from timely filing of her direct appeal. However, even if I were to find that Maddox is entitled to equitable tolling during the time of her direct appeal proceedings, her federal petition would still be untimely.

The Supreme Court of Nevada dismissed Maddox's direct appeal on September 4, 2020. Maddox then timely filed her first state habeas petition on June 1, 2021. However, rather than appealing the denial of that petition to the Nevada appellate courts, which would have continued to statutorily toll her AEDPA clock, she waited over eleven months to file a second state habeas petition, which was found by the state courts to be untimely, successive, and an abuse of the writ. As such, even if I find that Maddox is (1) entitled to equitable tolling from the date her judgment of conviction was issued through September 4, 2020, when the Supreme Court of Nevada dismissed her direct appeal, and continuing until the time expired for Maddox to file a petition for writ of certiorari with the United States Supreme Court, and (2) entitled to statutory

tolling from June 1, 2021, until January 1, 2022, during her first state habeas proceeding, Maddox's federal petition would still be untimely because, under this scenario, her AEDPA clock would have expired on September 7, 2022, a year a four months before Maddox filed her federal petition.[3] Because Maddox does not argue that she is entitled to equitable tolling for any other period of time—and indeed, it does not appear that she was diligently pursuing her rights following the denial of her first state habeas petition[4]—I dismiss Maddox's petition as untimely.

### III.     Conclusion

It is therefore ordered that the motion to show cause (ECF No. 4) is denied. This action is dismissed with prejudice as time barred. A certificate of appealability is denied, as jurists of reason would not find dismissal of the petition for the reasons stated herein to be debatable or wrong.

It is further ordered that the Clerk of Court (1) file the petition (ECF No. 1-1), (2) add Nevada Attorney General Aaron D. Ford as counsel for Respondents,[5] (3) provide the Nevada Attorney General with copies of the petition (ECF No. 1-1), this order, and all other filings in this matter by regenerating the notices of electronic filing, (4) enter final judgment dismissing this action with prejudice, and (5) close this case.

Dated: February 20, 2024

_____
United States District Judge

---

[3] Under this scenario, Maddox's conviction would have been final when the time expired for filing a petition for writ of certiorari with the United States Supreme Court 150 days (90 days plus the extra 60 days the United States Supreme Court gave petitioners to file cert petitions at this time due to the pandemic) after the Supreme Court of Nevada dismissed her direct appeal: February 1, 2021. Maddox's federal statute of limitations would have begun to run on the following day: February 2, 2021. 119 days elapsed between the finality of the judgment and the filing of Maddox's first state petition, and Maddox's AEDPA clock would have been tolled from June 1, 2021, until January 3, 2022. The remaining 246 days on the AEDPA clock restarted on January 4, 2022, and expired on September 7, 2022.

[4] *See Pace v. DiGuglielmo*, 544 U.S. 408, 418–19 (2005) (denying equitable tolling where the petitioner failed to act diligently both before *and* after the extraordinary circumstance); *Smith v. Davis*, 953 F.3d 582, 600 (9th Cir. 2020) (holding that for a litigant to demonstrate he has been pursuing his rights diligently, "he must show that he has been reasonably diligent in pursuing his rights . . . up to the time of filing his claim in federal court.").

[5] No response is required from respondents other than to respond to any orders of a reviewing court.